IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF SEMINOLE COUNTY, STATE OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. CIV-18-372-JWL |

## **MEMORANDUM AND ORDER**

This matter comes before the Court[1] on the motion by defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation ("Movants") to stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) concerning the transfer of this case to pending multidistrict litigation (MDL) (Doc. # 32). For the reasons set forth below, the Court **grants** the motion and orders that the case be stayed.

---

[1] On March 29, 2019, the case was transferred to the Honorable John W. Lungstrum, Senior District Judge, District of Kansas, sitting by designation.

I. **Background**

Plaintiff filed the instant action on October 9, 2018, in the District Court of Seminole County, Oklahoma. Plaintiff county alleges that it has sustained damages from the use by its residents and employees of opioid medications, and it has asserted claims against opioid manufacturers, distributors, pharmacies, and prescribing physicians.

On November 14, 2018, certain defendants (the "Endo defendants") removed this action to federal court on the basis of diversity jurisdiction. In their notice, the Endo defendants asserted that the Oklahoma citizenship of the physician defendants should not defeat federal diversity jurisdiction because the distinct claims against those defendants should be severed and remanded (with the remaining claims then transferred to an existing MDL), or alternatively because those defendants have been fraudulently misjoined. On November 21, 2018, defendant McKesson Corporation ("McKesson") filed a supplemental notice of removal in which it asserted that the federal court may exercise federal question jurisdiction in this matter.

After removal of the action to federal court, the JPML ordered that the case be conditionally transferred to an existing MDL in the Northern District of Ohio, *In re National Prescription Opiate Litigation*, MDL No. 2804. Over 1,600 cases have been transferred to that MDL. The parties briefed plaintiff's opposition to the transfer, and the matter was submitted without oral argument to the JPML at its session of March 28, 2019.

On December 17, 2018, plaintiff moved to remand the case to state court. On January 2, 2019, Movants filed the instant motion to stay.

**II.     Analysis**

Movants seek a stay pending the JMPL's decision concerning plaintiff's opposition to the transfer of this action to the MDL. Plaintiff argues that the Court should first rule on its remand motion before entering any such stay. Movants argue in return that the remand motion may be ruled by the MDL court after transfer.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court concludes that an immediate stay would serve the interests of judicial economy and allow the claims against defendants to be most efficiently litigated with the many other similar cases in the MDL. The litigation in the MDL (assuming the case is transferred) should include plaintiff's remand motion, as similar motions are already pending before the MDL court.

Plaintiff seeks a ruling on the remand motion prior to any transfer, but as Movants point out, "courts have repeatedly noted that the general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case." *See Little v. Pfizer, Inc.*, 2014 WL 1569425, at *3 (N.D. Cal. Apr. 18, 2014) (internal quotation omitted). If all proceedings are not stayed at this time, defendants will suffer a hardship to the extent that they are subjected to a risk of inconsistent rulings on the same jurisdictional questions that are raised in plaintiff's remand motion and in many cases already before the MDL court. Indeed, defendants note that many other similar cases filed by plaintiff's counsel in Oklahoma state courts have been removed to federal court and

3

transferred into the MDL prior to any jurisdictional ruling. This MDL has been created for the purpose of allowing for the most efficient litigation of the hundreds of similar cases while avoiding inconsistent rulings, and assuming the JPML deems this case fit for inclusion, a stay serves that purpose by allowing all pretrial matters in the instant case, including the remand motion, to be resolved in the MDL.[2]

The prejudice to plaintiff from an immediate stay is minimal. As noted above, plaintiff's opposition to the transfer has already been briefed and submitted to the JMPL, and thus a ruling is expected in the very near future. Plaintiff argues that the MDL court may not take up its remand motion for some time and in fact has issued a moratorium on the filing of any more motions for remand. An actual prohibition is unlikely, however. Although plaintiff has cited two other courts' comments, it has not provided any document or transcript demonstrating such an intent by the MDL court. Moreover, it appears that the MDL court has recently ruled on remand issues. The Court is confident that plaintiff's remand motion would be heard and ruled by the MDL court in due time.

Plaintiff also argues that it is simply not right for the case to be transferred if federal subject matter jurisdiction is lacking. Plaintiff notes that federal courts are charged with ensuring that jurisdiction exists before a case is litigated. Again, however, plaintiff will have the opportunity to litigate the jurisdictional issue to the MDL court.

---

[2] Plaintiff argues at one point that its claims under Oklahoma law to remedy harm in Oklahoma should not be tried in a court and to a jury in Ohio. Of course, the case would be transferred into the MDL only for pretrial purposes, and the case would ordinarily be remanded back to this court when ready for trial.

4

Moreover, it is far from clear that this Court lack jurisdiction in this case. The McKesson defendants argue in their response to the remand motion that a federal question exists in this case, and plaintiff has not addressed that argument at all in its only reply brief. The Endo defendants argue that plaintiff's claims against the non-diverse physicians, which appear to be factually distinct from plaintiff's claims against the other defendants, should be severed pursuant to Fed. R. Civ. P. 21, in part because the physician defendants are not necessary or indispensable parties under Fed. R. Civ. P. 19. Plaintiff opposes such severance, but it has not addressed the relevant standard under Rule 19; thus plaintiff has not explained, for example, why the claims against the other defendants could not easily be litigated without the presence of the physician defendants, or why plaintiff would lack an adequate remedy if the physician defendants were not sued in the same suit. *See id.* Thus, at first blush, jurisdiction does not appear to be lacking in this case, and therefore the Court is not moved by a likelihood that plaintiff's stay in federal court will be unfairly extended. Indeed, the existence of these difficult questions of jurisdiction weigh in favor of their resolution by one court making similar rulings in hundreds of similar cases, in keeping with the purpose of the MDL framework.[3]

---

[3] In ruling on the remand motion, severance would present an attractive option for a court because it would allow the claims against the other defendants to be included in the MDL, where they are most appropriately and efficiently litigated. *See, e.g.*, *Sullivan v. Calvert Mem. Hosp.*, 117 F. Supp. 3d 702, 704-07 (D. Md. 2015). Transfer, however, would allow the plaintiff to decide for itself whether to keep all of the claims together or to sever the claims against the physician defendants for prosecution in state court without delay.

Accordingly, the Court concludes that the relevant considerations weigh heavily in favor of a stay in this case pending the JMPL's ruling on transferring the case to the MDL, and the Court therefore grants the motion to stay.  The parties are ordered to notify the Court promptly if the JPML decides against a transfer.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by certain defendants for a stay of proceedings pending a decision concerning the transfer of this case to the MDL (Doc. # 32) is hereby **granted**, and this case is hereby stayed.

IT IS SO ORDERED.

Dated this 3rd day of April, 2019.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
  by Designation
